MURBARGER *et al.* *v.* BAKER *et al.*

(*Circuit Court, N. D. New York.* May 11, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—THILL SPRINGS.
    Letters patent No. 344,786, issued June 29, 1886, to William E. Murbarger, for an improved anti-rattler spring for thill couplings, consisting of a spring of V form, having arms provided with reverse curves at their ends, and with convexed portions between the V point and the reverse curves, are not infringed by a spring which, though substantially like the patented device, has no reverse curve and no convex portion; since said patent, being but one in a long series of similar improvements, is restricted to the precise form described in its claim.

In Equity.
*William A. Redding,* for complainants.
*Frederick I. Allen,* for defendants.

COXE, J. This is an action in equity based upon letters patent No. 344,786 granted to William E. Murbarger, June 29, 1886, for an improved anti-rattler spring for thill-couplings. The patentee conceived the invention in December, 1883, or January, 1884. His object was to provide an inexpensive spring which can be inserted in, and removed from, the space between the thill and axle without removing the thill; a spring having reverse curves upon its arms to fit the clip of the axle upon one side and the curve of the end of the thill upon the other, so as to be held in place by the tension of the spring. The claims are as follows:

"(1) An anti-rattler spring of V form, having arms provided with reverse curves *e i* at their ends, and with extended or convexed portions *x y* between the V point and reverse curves, the space between said convexities being greater than the space between the jack-clip and thill-heel, substantially as described. (2) An anti-rattler spring of V form, provided with two arms having reverse curves *e i* at their free ends, and with its lower end bent abruptly and curved forward, substantially as described."

The defenses are want of invention and non-infringement.

The evidence shows that the patentee was very far from being a pioneer. The field of invention, at best an exceedingly 'narrow one, was so fully occupied when he entered it, that many who had come with high expectations of being permitted to locate there had been crowded into the adjoining, but less fertile, field of mechanical skill. The prior art shows a great variety of springs designed to accomplish the same results as the spring in controversy. There were U-shaped springs, hook-shaped springs, cup-shaped springs and V-shaped springs. There were springs made of flat metal, wire and rubber. There were lever springs, coiled springs, and leaf springs; springs with their lower ends round, angular and bent abruptly; springs with straight arms and arms having concavities, convexities and reverse curves. It is entirely clear, therefore, in view of the prior art and of the limitations submitted to in the patent-office, that the complainants are not entitled to a broad construction of the claims or to invoke the aid of the doctrine of equivalents. The improvement of the patent is but one in a long series of similar improvements having precisely the same object in view. The rule is well established that in such cases the patentee must be restricted to the form, arrangement and purpose described and claimed. It is thought that the defendants do not infringe the claims construed in the light of this well-known principle of law. It is not pretended that the defendants' spring has all the features of the patented spring, but it is argued that the two structures are "substantially" and "practically" alike and that where the defendants diverge they employ equivalents. Comparing the defendants' spring with the claims, it will be found that there is no reverse curve *i*, no convex portion *y*, and that the space between the convexities is not greater than between the jack-clip and thill-heel. In fact, there are no "convexities," as the side of the spring which engages the thill-heel is substantially straight. Furthermore, there is no "lower end bent abruptly and curved forward," in the sense in which these words are used in the patent. As the defendants do not infringe the bill must be dismissed.